

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 10, 1939

Honorable T. M. Trimble
First Assistant
State Superintendent
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-491

Re: Proper depository to handle
funds of Utopia Independent
School District.

We received your letter of March 10, 1939, wherein you
enclosed letter written to you by W. R. Laurence, Superintendent,
Utopia, Texas, and letter from A. V. Pue, County Judge of Bandera
County, the first mentioned enclosure dated March 9th and the
second enclosure dated March 18, 1939. We are also in receipt of
a subsequent letter from Mr. Laurence, adding to the facts stated
in the above enclosures.

The facts submitted are that the Taylor Common School
District in Bandera County was consolidated with the Utopia Inde-
pendent School District of Uvalde County in the year 1936. The
name of the consolidated district is the Utopia Independent School
District. The depository bank for the consolidated districts is
the Sabinal State Bank and the depository for Bandera County is
the First National Bank of Bandera. The Bandera County Tax Assessor
and Collector collects the taxes for the district in Bandera County
and the Uvalde County Assessor-Collector performs like duties for
the district in Uvalde County. The Bandera County Assessor-Collector
deposits the tax money collected in that county in the First
National Bank of Bandera. Following the consolidation, an election
was held in the consolidated district resulting in an assumption
of the bonded indebtedness of the Taylor District by the consolidated
Utopia Independent School District. The question submitted in sub-
stance is whether the tax collected in Bandera County to be applied
to the retirement of the principal of the bonded indebtedness of
the former Taylor School District should be deposited in the First

National Bank in Bandera, the depository of Bandera County, or whether the same should be deposited in the Sabinal State Bank, the depository for the Independent School District.

We assume that under the statutes Utopia Independent School is such a district as is entitled to have its trustees designate a depository bank for the funds of the district and that such depository bank has been properly selected.

Article 2806, Revised Civil Statutes, provides in part as follows:

". . . Common school districts may in like manner be consolidated with contiguous independent school districts, and the district so created shall be known by the name of the independent school district included therein, and the management of the new district shall be under the existing board of trustees of the independent school district, and all the rights and privileges granted to independent districts by the laws of this State shall be given to the consolidated independent district created under the provisions of this law; . . ."

Article 2807, Revised Civil Statutes, provides that if at an assumption election a majority of the voters vote to assume and pay off the bonded indebtedness of any of the districts composing the consolidated district, then said bonded indebtedness shall become the obligation of the consolidated district.

Article 2832, Revised Civil Statutes, provides for the appointment of a treasurer by independent school districts having more than one hundred and fifty scholastics. Provision is therein made for the treasurer to be bonded.

Article 2791, Revised Civil Statutes, provides for an independent school district assessor-collector of taxes. Article 2792, Revised Civil Statutes, provides that when a majority of the board of trustees of an independent district prefer to have the taxes of that district assessed and collected by the county assessor-collector or collected only by the county tax collector, same shall be assessed and collected by said county officers and turned over to the treasurer of the independent school district for which such taxes have been collected.

The former bond obligation of the Taylor Common School District is now the obligation of Utopia Independent School District. That district has a treasurer or depository bank of its own. It is the duty of the tax collector of Bandera County to deliver to that depository all taxes which he collects in behalf of said Utopia Independent School District. Not only is the depository bank of Utopia Independent School District entitled to have the money deposited with it for safekeeping, but the Independent School District itself is entitled to have the funds there deposited to be protected by the bond put up by that particular depository. Sabinal State Bank being the depository of the Utopia Independent School District, all such funds belonging to the district which have been thus deposited in the First National Bank of Bandera should be transferred to the Sabinal State Bank.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:N

APPROVED

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS